**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **CAMERON MITCHELL,** | ) | **CASE NO. 4:11CV3213** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **TERRY WAGNER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff filed his Complaint in this matter on November 25, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter on November 25, 2011, against three Lancaster County Sheriff's office employees and Lynn R. Beideak "Beideak." (Filing No. 1 at CM/ECF pp. 1, 4.) Beideak operates a counseling service in Lincoln, Nebraska. (*Id*.) Plaintiff is currently confined in the Lancaster County Jail in Lincoln, Nebraska. (*Id*.)

Condensed and summarized, Plaintiff alleges that he was arrested without probable cause. (*Id*. at CM/ECF pp. 1-10.) Plaintiff's arrest occurred after Beideak called the Lancaster County Sheriff's office alleging that he "assaulted her, threatened to kill her, [ ] operated a motor vehicle to avoid arrest and drove on a suspended drivers licence." (*Id*. at CM/ECF p. 5.) Plaintiff asserts that the Sheriff's decision to arrest him was motivated by illegal discrimination because he is black and Beideak is white. (*Id*. at CM/ECF p. 8.) Plaintiff is currently in jail pending the resolution of "trumped-up criminal charges." (*Id*. at CM/ECF pp. 4-5, 7-8.)

Separately, Plaintiff states that "[t]his lawsuit will also incorporate an action pursuant to the False Claims Act" because Beideak is "defrauding the government by submitting claims for services to Medicaid and Medicare, that had not been rendered at the time of such claims." (*Id*. at CM/ECF p. 9.) Plaintiff seeks monetary damages in the amount of $800,000. (*Id*. at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

### III. DISCUSSION OF CLAIMS

*A. Claims Relating to Plaintiff's Arrest*

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87; *see also Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996), (applying *Heck* to a claim that would implicate the validity of a future conviction on a pending criminal charge).

Here, Plaintiff alleges that he was arrested without probable cause. (Filing No. 1 at CM/ECF p. 5-10.) As a result of his arrest, Plaintiff is currently in jail pending resolution of "trumped-up criminal charges." (*Id*. at CM/ECF pp. 5, 8.) As set forth above, the court cannot address Plaintiff's claim that he was arrested without probable cause in an action brought pursuant to 42 U.S.C. § 1983. *See Smith*, 87 F.3d at 113 (applying *Heck* to a claim that would implicate the validity of a future conviction on a pending criminal charge); *see also Gautreaux v. Sanders*, 395 Fed. App'x 311, 312 (8th Cir. 2010), (citing *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), (per curiam) (concluding *Heck* barred claims that police officers lacked probable cause for arrest and brought unfounded criminal charges)). However, the court will dismiss Plaintiff's claims related to his arrest without prejudice to reassertion in a habeas corpus or similar proceeding.

  B. *False Claims Act*

Liberally construed, Plaintiff also alleges a claim against Beideak pursuant to the False Claims Act ("FCA"). (Filing No. 1 at CM/ECF p. 9.) However, a pro se plaintiff may not file a *qui tam* action pursuant to the FCA. *See United States v. Onan,* 190 F.2d 1, 6 (8th Cir. 1951), (holding a pro se litigant may not represent the United States in a *qui tam* action despite the FCA's specific wording permitting a suit to "be brought and carried on by any person"); *see also Vt. Agency of Natural Res. v. U.S. ex rel. Stevens,* 529 U.S. 765, 769 (2000), (stating an FCA action may be commenced by the federal government against the alleged false claimant, or by a private person (the relator) who brings it "for the person and for the United States Government" against the alleged false claimant, "in the name of the Government"). Thus, Plaintiff's FCA claim must also be dismissed.

  IT IS THEREFORE ORDERED that:

  1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice; and

  2. A separate judgment will be entered in accordance with this Memorandum and Order.

  DATED this 12th day of January, 2012.

              BY THE COURT:

              s/Laurie Smith Camp
              Chief United States District Judge

---

  *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.